UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14251-CV-MOORE/MAYNARD

**ANDRES T. ANDRES, et al.,**

    Plaintiffs,

v.

**WILLIAM BARR, et al.,**

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (DE 10)**

**THIS CAUSE** comes before this Court upon an Order of Reference, DE 9, and the above Motion. Having reviewed the Motion, noting that no Response was filed and the time for filing a Response has long since passed, the undersigned recommends that Defendants' Motion to Dismiss be granted.

**BACKGROUND**

On July 20, 2020, *pro se* Plaintiffs Andres Torres Andres and Maria Martin Gaspar on behalf of themselves and their minor children, filed the instant action against William Barr, then United States Attorney General; Mike Pompeo, then U.S. Secretary of State; and Jeh Johnson, then U.S. Secretary of Homeland Security (collectively, "Defendants"). DE 1. Plaintiffs allege that the Defendants have unlawfully delayed in processing their Form I-918 Petition for U Nonimmigrant Status ("U-visa application") in violation of the Administrative Procedures Act and Plaintiffs' due process. Plaintiffs seek a writ of mandamus that would compel Defendants to make a decision on their U-Visa application.

On October 9, 2020, Defendants moved to dismiss the complaint for lack of jurisdiction and failure to state a claim.  DE 10.  Specifically, Defendants argue the Court lacks subject-matter jurisdiction to review discretionary agency actions such as the pace at which U-visa applications are processed.  *Id*. at 10. Alternatively, Defendants argue, even if the pace at which the U-visa applications are processed is reviewable by the court, the processing time on Plaintiffs' application is reasonable.  *Id*. at 14.  Lastly, Defendants argue that because obtaining a U-visa is not a right, Plaintiffs cannot allege a violation of due process.  *Id*. at 19.

Plaintiffs' response to Defendants' Motion to Dismiss was due on October 23, 2020. Under Southern District of Florida Local Rule 7.1(c), "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."  S.D. Fla. L.R. 7.1(c).  Plaintiffs failed to respond to Defendants' Motion to Dismiss within the fourteen days required by the rule. As a result, the undersigned entered an Order of Instructions to *Pro Se* Litigants. DE 11.  Among other things, the Order instructed Plaintiffs to review Local Rule 7.1 and advised that failure to file a timely response to an opposing motion may result in the Court granting the motion by default.  *Id*. at ¶ 10.  The undersigned then entered an order which instructed Plaintiffs to file a response to the motion to dismiss by November 23, 2020.  DE 12.  Plaintiffs were "cautioned that failure to respond to the Motion to Dismiss may … result in a report recommending Plaintiffs' case be dismissed for failure to prosecute."  DE 12. As of the date of this Report and Recommendation, Plaintiffs have not filed any response, nor have they requested any extension to do so.

## DISCUSSION

A court may dismiss a case where the plaintiff fails to prosecute it or comply with a court order. *Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). A court has the authority to dismiss a case based on Rule 41(b) of the Federal Rules of Civil Procedure or the court's inherent power to manage its own docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Properties, Inc.*, 556 F.3d at 1240 (internal quotations and citation omitted). *Pro se* plaintiffs, like any other litigants, are responsible for following court orders and are subject to the same sanctions. *Martins v. Royal Caribbean Cruises, Ltd.*, 429 F. Supp. 3d 1315, 1323 (S.D. Fla. 2019).

Here, Plaintiffs have failed to prosecute their case and comply with the undersigned's order to respond to Defendants' Motion to Dismiss by a certain date. The undersigned also notes that Plaintiffs have not filed anything in this case since filing the complaint in July 2020.

## CONCLUSION

Accordingly, the undersigned recommends that Defendant's Motion to Dismiss, DE 10, be **GRANTED**; and Plaintiffs' Complaint be dismissed without prejudice.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with Chief Judge K. Michael Moore, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

4

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 26th day of April, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE